Our final case today is Olesky v. General Electric Company Mr. Olesky's position on this appeal is that GE waived costs because it did not file its bill of cost within a 30-day time period as provided for by the local rule. And that local rule specifically states that if the bill of cost is not filed within 30 days, the costs are deemed to be waived. And there are, I think, four issues in this appeal that are important and I'd like to discuss them one by one. The first issue is whether the 30-day period runs from the final judgment. So the first issue is whether the 30-day period starts from September 29, 2015 when the district court entered an order and judgment. And our position is that the September 29, 2015 submission is the final judgment. In that order and judgment, the district court granted GE's summary judgment motion for non-infringement. It denied Mr. Olesky's summary judgment motion for infringement and then dismissed all remaining motions as being moved. It didn't resolve the counterclaim of invalidity, right? Is that the part that it didn't resolve? Do I remember that correctly? Well, I don't think that that's our position. The motions that were dismissed as being moved included several motions relating to GE's invalidity counterclaim. And specifically, I would like to focus on two motions that were dismissed as being moved. The first one was entitled Plaintiff's Motion for Summary Judgment of Validity, colon, No Invalidating Prior Uses or Sales. And that was in docket number 597 and that's identified in Appendix 154. The second motion, Plaintiff's Motion on Validity, was Plaintiff's Motion for Summary Judgment that the Alexie patent is valid over Defendant Section 102 and 103 defenses based on prior art references. And that was in docket number 623 and it's in Appendix 159. So you don't really give any credit to the later decision by the court where it says its original order did not address GE's invalidity counterclaim? I do not believe that the court's later decision has any impact on whether the original entry was a final judgment. And in fact, I will discuss that, but the court's decision, and let me explain why I believe that this last dismissal of all remaining motions as being moved effectively dismisses the counterclaim as being moved. And the reason for that is that when these two motions that I just explained were dismissed as being moved, there's no way that they can be moved unless the counterclaim is also moved. So effectively, the court dismissed the counterclaim as being moved and expressed... Well, there's no doubt, I suppose, probably no doubt in anybody's mind except lingering doubt in the defendant's mind that the court intended to end the case then and there. But the question is, judgments need to be very specific and precise in order that people will know that the case is over and that they can do things like file a notice of appeal and so forth. It's very important that judgments be, say exactly what they're intended to say. And it seems to me as I read this judgment that it just fell a little bit short of saying exactly what the district court probably had in mind, which was to probably go ahead and dismiss the counterclaims. So when the court was served with a request to fix the problem, the court fixed the problem. Why isn't that something that we shouldn't discourage by saying, ah, too late, the problem was already fixed, although only implicitly? Well, because the original judgment was the final judgment and in the Supreme Court... The problem is if the judge had written the counterclaims are dismissed, then you would surely be right. But the judge didn't say that. The judge did not say it expressly, but effectively it did that. And we're relying on two Federal Circuit cases. But isn't it dangerous and particularly dangerous to people such as your client potentially to say that, well, judgment, here's a judgment that's a final judgment by implication? Because you may well assume that that really wasn't the last order in the case and you'll miss your time for filing a notice of appeal. Well, that's why we need to be very explicit about judgments. The Supreme Court addressed this issue of a second final judgment that elaborates on the first in the Schaeffer Brewing Company case. And in that case, the Supreme Court stated that if the first judgment is a final judgment and then there is a more elaborate, more clear explanation in the second judgment, the second judgment doesn't become a final judgment. It's still the first judgment. So the question is, was the first judgment that was entered on the 29th a final judgment because effectively it took care of all of the claims? And the reason that it was a final judgment is because of the third part. It dismissed all remaining motions as being moot. The only way that those two motions that I cited could be moot is if the counterclaim was moot. So therefore, effectively it dismissed, the court dismissed the counterclaim at that point. So if the judge had not used the last two words as moot, you wouldn't be making the argument you're making? No. She had merely dismissed the motions. There would be a question whether the judge dismissed it as moot or for some other reason. But here it's very clear that the judge dismissed it for being moot. So in Honeywell and Penderel, the two Federal Circuit cases, the court was very clear that you don't have to have an express dismissal. In fact, in Penderel, the court referred to effective dismissal because based on what the court has done in that case. In one case, there was a special verdict that rejected all the grounds for invalidity. So the Court of Appeals said, well, that's good enough because effectively the counterclaim was dismissed. But let's assume that the September 29th judgment was final. Doesn't a 59E motion suspend the finality of a judgment in the Seventh Circuit? It does suspend finality if the motion is to amend or modify the judgment substantively. If that judgment was final, the September 29th judgment, that's merely a clarification. But in the Seventh Circuit, either way, whether it's a clarification or not, isn't that first judgment, in this case a September judgment, isn't that suspended? Only if it's a Rule 59, if the motion qualifies a Rule 59E, not if it's just a clarification of a final judgment. That's what we have here, correct? Clarification, not substantive change. Substantive change would be if the counterclaim was not effectively dismissed. Wasn't the motion a 59E motion in this case? No, it was a motion to clarify. Now, the court could treat the motion to clarify as a 59E motion if there is a request to modify or to amend substantively the judgment. But if the original September 29th judgment was the final judgment, there is no substantive change. The request is merely to express something that was effectively there to start with. Even if the September 29, 2015 order was a final judgment, didn't the district court have the discretion to allow GE to file its cost motion late? To accept the filing even though it was late. It had the discretion, didn't it? GE never asked for that discretion to be exercised. Well, it did file a motion and it did ask that its motion be considered. It filed a motion for clarification. A motion for clarification of the final judgment as well as a motion for costs. No, they were two different filings. That's fine. Yeah, but I mean, GE never asked the court to ignore the rule and... Basically, they're looking to amend the judgment. It may have been called a motion for clarification. But what they were looking for was to amend the judgment to take care of the counterclaim. Well, the clarification is not the type of amendment that is subject to Rule 59E. In other words, for 59E to apply, you have to ask for substantive change in the judgment. There was no substantive change because that original September 29, 2015 order took care of the counterclaim because it effectively dismissed the... Okay, you're into your rebuttal time. You want to save your time? Sure. Okay, thank you. Counselor Butler? Yes, Your Honor, may it please the court. So there was no final and appealable judgment on September 29th, at least. So an appeal only lies from a final judgment. A judgment that doesn't dispose of all the claims in the case is not a final judgment. And in particular, in patent cases, this court has held that a judgment that does not dispose of a counterclaim of invalidity, this court has been very clear on that. How do you distinguish the Honeywell case? So the Honeywell case was cited by Mr. Oleksii for the proposition that you can ascertain a court's intention by the circumstances. The circumstances in that Honeywell case, Your Honor, were very different than the circumstances we have here. A jury found that the plaintiff's patent in that case, the claims, were not invalid. The district judge denied the defendant's motion for judgment as a matter of law for a new trial, effectively adopting those jury's findings. The district court issued a judgment, and while that judgment did not expressly dispose of the defendant's counterclaims, that judgment did acknowledge that jury's special verdict form that disposed of those counterclaims. So in that case, the counterclaims had been decided on the merits, and the court considered precisely that decision of the jury in its judgment. So here, there's no decision on the merits for the judge to adopt. The court did not address GE's counterclaim at all. So we do think that Honeywell is distinct on those bases at least. Also, if we get to this issue of a Rule 59 motion, even if that September 29th order was final and appealable, GE's motion for clarification, no matter what it's called, because the case law is clear that the name of the motion doesn't matter, what GE asked for in that motion was for the court to dismiss the counterclaim of invalidity so that there would be a final and appealable judgment. In other words, GE's motion specifically addressed the fact that it was not a final and appealable judgment because the counterclaim was still in the case. The court agreed. Then, Your Honor, we get to the issue of the standard of review here, and this really combines with GE's third argument here, and that is that the district court can accept untimely filings even if they are untimely. And the standard of review there is deference, Your Honor. So that deference should be afforded to the district court's decision here. So even if this court were to find that the September 29th order was final and appealable, even if this court were to find that the motion for clarification was not a Rule 59 motion, the district court had discretion to accept GE's motion for costs, and that's exactly what the court did. But since the court did not, I guess, expressly exercise the discretion as such after finding that there was an expiration of the 30 days, wouldn't we have to remand to the district court in order for her to exercise her discretion if we were to find against you on the first two points? So we don't see in the case law that that type of explicit exercise of discretion is necessary. So we don't believe that that type of remand would be necessary. So we would be inferring that the district court would exercise her discretion by virtue of the fact that she had accepted the bill of costs? So I think that that issue of discretion also applies to the district court's decision to treat GE's motion for clarification as a Rule 59 motion. Well, OK, but suppose that we focus entirely on the question of whether the court, having been told that the final judgment occurred in September and that the 59E motion did not have the effect of tolling the final judgment time. Wouldn't the district court be the one to exercise discretion as opposed to having us do the exercising of discretion for her? So I think there's two issues. So the first is, does the district court have to explicitly exercise that discretion? And we don't see in the case law any requirement that the district court has to explicitly exercise that discretion. But we also think that the abuse of discretion standard applies to the Rule 59 motion issue. So in order for your hypothetical to actually carry out, the court would have to find that the district court abused its discretion in viewing GE's motion for clarification. Right. Well, my hypothetical is that we, assuming that we so were defined, would we then have to remand the case? And I believe no, Your Honor, because we don't find in the case law, again, any indication that the discretion applied by the district court has to be explicit in that sense. Even in a situation where the district court's actions in saying that this wasn't a final judgment and such kind of shows that the district court wasn't exercising that discretion. So the district court did not explicitly exercise that discretion. Right. But I mean, maybe the facts in this case, I mean, just looking at it, it seems as if the district court not only didn't say that it wasn't exercising discretion, but it seems to have taken a different approach that would suggest that it did not exercise discretion. And that different approach, Your Honor, was to accept GE's position on both issues. On the September 29th order not being final and appealable and on GE's motion for clarification being a Rule 59 motion. And that latter point, GE's motion for clarification being a Rule 59 motion, is itself one which should be afforded deference by this court to the district court. Mr. Alexie's counsel has made much of the fact that the motions for summary judgment were dismissed as moot. And by that, he argues that, therefore, the court intended, and I think GE agrees, the court intended to dismiss the case. Dismissing motions for summary judgment is not the same as dismissing a counterclaim of invalidity. The district court's dismissal of the party's motions simply left the counterclaim for invalidity ready to stand for trial. But you don't really argue, do you, that the district court didn't think she was done with this case? I'm not, Your Honor. So, I mean, if she was done with this case, she was only done with this case if the counterclaims were gone, right? Absolutely. So she had every intention of dismissing the counterclaims. I thought you were just arguing that, well, she didn't actually intend to do that. So she intended to get rid of this entire case, including the counterclaims. Which would entail dismissing the counterclaims. Absolutely. But there was nothing in her order that expressly did so. And there was nothing in this case that the circumstances can be such that she intended specifically to dismiss the counterclaims. This court has addressed this issue a number of times, even when a court believes that it is dismissing an entire case. If there is not specific intention to dismiss all of the claims in the case, in here, counterclaim of invalidity, then that is not a final and appealable judgment. On the issue of the Rule 59 motion, Your Honors. Under the Seventh Circuit law, substantive post-trial motions that are filed within 28 days of a judgment are automatically treated as Rule 59 motions. So there's no dispute that this was filed within 28 days. That GE's motion for clarification was filed within 28 days of the September 29th motion. The issue is whether it was substantive. So Mr. Alexie makes much of the fact that it's called a motion for clarification. What GE asked for in that motion was not clerical. Dismissing a claim in a case is not clerical. So it's GE's position that that was very much a substantive motion that was filed. The district court viewed it as such as well. The court has no further questions. I'll leave my time. Thank you. Mr. Chespensky, you have three minutes. Excuse me, you have two minutes. Darren, just a few points. The district court in its second decision said that it believed that it had to expressly dismiss a counterclaim. That's not the law. The law is that the counterclaim can be effectively dismissed. In the cases where the court just dismisses a case on the basis of non-infringement and doesn't do anything with respect to the invalidity, at that point, that case is not dismissed because the court did not effectively deal with the counterclaim. In this case, the court effectively did deal with the counterclaim because it dismissed Mr. Alexie's summary judgment motions on validity. The only way that it can dismiss that is if it had dismissed effectively the counterclaims for invalidity. So that's point number one. Point number two that I'd like to make is that G is referring to a Healy case for the proposition that the court can basically ignore local rule on filing late. The Healy case is specifically designated by the Seventh Circuit as being non-presidential. The reason it's being designated as non-presidential is because it had very unusual facts. In that case, Judge Zagel in the Northern District of Illinois has its own procedure for how to deal with costs. So in the Healy case, the filing was late, but there was also a reliance on Judge Zagel's procedure. So the Healy case is very unique, and that's why it's not presidential. I'm not sure that that's Seventh Circuit law, that the court can ignore Rule 54.1, which specifically states if the filing is not made in time, the costs are waived. And Healy does not state that. Do you want to conclude, Judge Fletcher? Sure. And the key distinction is between express and effective dismissal of claims. And I'd like to make one more point, and that is, if it were true that every claim has to be expressly dismissed by a court in order for the judgment to be final, then this last judgment is still not final. There is no final judgment because Mr. Alexie had two claims in his complaint. One is for direct infringement. The other was for induced infringement. Neither of the two orders that were entered by the court dismissed those two claims expressly. Now, effectively they did, but the same thing happened with the counterclaim. Okay, I think we have your argument, sir. Thank you very much. Thank all the parties for the argument. This court now stands in unison. All rise. The Honorable Court is adjourned until tomorrow morning at 10 o'clock a.m.